**JAN DAVID KAROWSKY**
Attorney at Law
A Professional Corporation
California State Bar Number 53854
716 19th Street, Suite 100
Sacramento, CA 95814-0710
Telephone: (916) 447-1134
Facsimile: (916) 448-0265
Email:     KarowskyLaw@sbcglobal.net

Attorney for Defendant
Rayford Ray Roberson

# UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | Case No.: Cr.S-02-364-WBS |
| Plaintiff, | **APPLICATION, ORDER, AND WRIT FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM** |
| vs. | |
| Rayford Ray Roberson, | |
| Defendant | |

COMES NOW the defendant herein by his counsel of record and represents and shows:

Defendant, **Rayford Ray Roberson**, has filed a Motion for New Trial in the above-entitled action.  The hearing on said motion is scheduled for September 24, 2007 at 9:00 a.m. in the Courtroom of the Honorable William B. Shubb.

The defendant in the instant case, **Rayford Ray Roberson**, is now confined in the Taft Correctional Institution (TCI) at 1500 Cadet Road, Taft, CA  93268, in the custody of the Warden or Jailor thereof.

The defense is requesting that the defendant be produced in court for the hearing on the Motion for New Trial in that said defendant/prisoner is a necessary, material and competent witness in the presentation of the hearing on the motion for new trial, and that in order to secure the attendance of said prisoner it is necessary that a Writ of Habeas Corpus Ad Testificandum be issued commanding said Warden or Jailor to produce said prisoner in said Court, the Courtroom of the Honorable William B. Shubb, Courtroom #5, Fourteenth Floor, Robert T. Matsui United States Courthouse, 501 "I" Street, Sacramento, California, on **September 24, 2007**, at **9:00 a.m.**, in order that said defendant/prisoner may respond to and answer such questions as may be propounded to him during the course of the hearing in said case.

Federal Rules of Criminal Procedure, Rule 43, Defendant's Presence, provides in pertinent part as follows:

"(a) When Required. Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:

…

   (2) every trial stage, including jury impanelment and the return of the verdict; and
   (3) sentencing.

   (b) When Not Required. A defendant **need not** be present under any of the following circumstances:

…

   (3) Conference or Hearing on a Legal Question. The proceeding involves only a conference or hearing on a question of law."  (Emphasis added).

The defense recognizes and understands that a motion for new trial involves largely a question of law.  However, the resolution of the legal issue, by necessity, is based in large measure on the facts which are presented to the court.  Moreover, by the language of Rule 43, the

Court has discretion as to whether a defendant may be present, even at a hearing on a question of law.

Although counsel for Mr. Roberson has communicated with him in writing in the preparation of the motion, it appears necessary to have the defendant present in court at the time of the hearing so that he may listen to the hearing and hopefully testify at it.  Further it may be necessary for counsel to confer with him and receive his input during the hearing itself, depending on what is presented by the government.

Moreover, although the defense Reply to the government's opposition to the motion is not due until September 17, 2007, the defense intends to include a declaration from Mr. Roberson in its Reply.  Said declaration is attached hereto as Exhibit "A" and incorporated herein by reference.

As Mr. Roberson has indicated in his declaration, he wishes to be present and to be allowed to testify as to the information currently contained in the declaration.

A defendant has a constitutional right to be present at every stage of the trial where his absence might frustrate the fairness of the proceedings." Sturgis v. Goldsmith, 796 F.2d 1103 (9th Cir. 1986).  This right is grounded in 1) the Confrontation Clause of the Sixth Amendment or 2) the Due Process Clause of the Fifth.  United States v. Rewald, 889 F.2d 836, 854 (9th Cir. 1989), modified, 902 F.2d 18 (9th Cir. 1990), cert. denied, 111 S. Ct. 64 (1990); Valenzuela-Gonzalez v. U.S. Dist. Court for the Dist. of Arizona, 915 F.2d 1276, 1280 (9th Cir. 1990).

Due process requires the defendant's presence when it "has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge,' unless the presence would be 'useless, or the benefit but a shadow.'" Sturgis, 796 F.2d at 1108.

It is Mr. Roberson's position that without him being present at the hearing; without him being able to communicate with his attorney during the hearing; and without him being able to have the opportunity to testify at the hearing, his due process rights and the fairness of the hearing will potentially be frustrated.

WHEREFORE, your petitioner prays for an order directing the issuance of a Writ of Habeas Corpus Ad Testificandum, out of and under the seal of this Court, commanding said Warden or Jailor to have and produce said prisoner in said United States Courtroom on said date, then and there to respond to and answer such questions as may be propounded to him during the course of the hearing of the above-entitled case; and at the termination of said case to return him forthwith to said above-mentioned institution.

I declare under penalty of perjury and the preceding it true and correct.  Executed on August 30, 2007.

**JAN DAVID KAROWSKY**
Attorney at Law
A Professional Corporation

/s/ Jan David Karowsky
By: Jan David Karowsky
Attorney for Defendant
Rayford Ray Roberson

## ORDER

**IT IS HEREBY ORDERED** that a the application for A Writ of Habeas Corpus Ad Testificandum be, and the same is, **DENIED,** without prejudice, for the reason that the court has not determined that an evidentiary hearing is necessary on the motion for a new trial. Roberson may confer by mail with his counsel in connection with his motion for new trial. His personal presence in Sacramento is not necessary for him to confer with his counsel. If, after receipt of defendant's reply to the opposition, the court determines that an evidentiary hearing is necessary, the court will cause the writ to issue in sufficient time to allow Roberson to attend the hearing.

Dated: August 30, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

**JAN DAVID KAROWSKY**
Attorney at Law
A Professional Corporation
California State Bar Number 53854
716 19th Street, Suite 100
Sacramento, CA 95814-0710
Telephone: (916) 447-1134
Facsimile: (916) 448-0265
Email:      KarowskyLaw@sbcglobal.net

Attorney for Defendant
Rayford Ray Roberson

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America, | ) Case No.: Cr.S-02-364-WBS |
| Plaintiff, | ) **WRIT OF HABEAS CORPUS** |
| vs. | ) **AD TESTIFICANDUM** |
| Rayford Ray Roberson, | ) |
| Defendants | ) |

THE PRESIDENT OF THE UNITED STATES OF AMERICA

TO:     The Warden, Sheriff or Jailor of the Taft Correctional Institution (TCI) at 1500 Cadet Road, Taft, CA  93268, and to any United States Marshal.

### G R E E T I N G

WE COMMAND that you produce and deliver the person known as **Rayford Ray Roberson, No. 14321,** now in your custody in the herein above mentioned institution, to the custody of the United States Marshal, or other authorized Federal Agents, so that he may be brought before the United States District Court, Courtroom # 5, Fifteenth Floor, Robert T. Matsui United States Courthouse, 501 "I" Street Sacramento, California , forthwith and for the duration of the hearing of the above-entitled case, in order that said prisoner may then and there respond to and answer to as a witness such questions as may be asked him in the course of said hearing; and at the termination of said hearing to return him forthwith to said herein above mentioned institution.

WITNESS the Honorable **William B. Shubb**, Judge, United States District Court for the Eastern District of California.

DATED: _____

**WILLIAM B. SHUBB**, JUDGE
UNITED STATES DISTRICT COURT

DATED: _____

**C**LERK, UNITED STATES DISTRICT COURT
Eastern District of California

By: _____
   DEPUTY CLERK