UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

RAYFORD RAY ROBERSON,

        Defendant.

NO. CR. S-02-0364 WBS

ORDER

----oo0oo----

Roberson has filed a motion for new trial on the ground of newly discovered evidence, pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure. The motion is based upon evidence that one of the jurors had led a Bible study group at the Sacramento County Main Jail over a ten year period and was doing so during Roberson's trial. The juror had previously led similar Bible study groups at the California State Prison Folsom.

Roberson complains that the juror did not disclose that information during voir dire. However, the juror was never asked any questions which would call for him to disclose that information. The court asked, "Are any of you now or have you in

the past been employed by a law enforcement agency?" The juror answered that he had been employed by the Department of Corrections for five years as a prison guard approximately thirty five years previously and that he had worked for three years as a high school teacher at the Preston School of Industry.

The juror's answer was responsive to the court's question, and actually divulged more information than was called for. The question asked for employment information, and could not reasonably be interpreted to call for the jurors to discuss their volunteer activities. Roberson's counsel had the opportunity to ask any follow up questions if he had felt them relevant, but declined the opportunity.[1]

It should be noted that Roberson was not detained, in the Sacramento County Jail or elsewhere, either before or during trial. So there can be no suggestion that the juror would have seen Roberson in the jail at any time before the verdict was reached. Moreover, had the juror disclosed the information, it is hard to see how it would have led to even a peremptory challenge, much less a challenge for cause. Any experienced trial practitioner would consider the fact that a juror volunteers his time helping prisoners to be, if anything, favorable, not unfavorable, to the defense.

Defendant has the burden of showing not only that the juror failed to honestly answer a material question, but that the

---

[1] "THE COURT: Thank you.
   Mr. Bigelow, are there any questions that you would like to ask to the prospective jurors?
   MR. BIGELOW: Thank you, your Honor. There are none."
(Reporter's Transcript of Proceedings on June 29, 2005, page 47, lines 20-22.)

2

correct answer would have provided a valid basis for a challenge for cause. McConough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556 (1984); Sanders v. Lamarque, 357 F.3d 943, 949 (9th Cir. 2004). Roberson has shown neither. He is not, as he argues, entitled to an evidentiary hearing in order to cross-examine the juror to see if he can develop facts to support his claim. See Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir. 1988)(holding that habeas petitioner was properly denied an evidentiary hearing where he offered no new or extra-record evidence to require such a hearing).

     IT IS THEREFORE ORDERED that Roberson's motion for a new trial pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure be, and the same hereby is, DENIED.

DATED:  September 17, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE